The Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAL SCHONFIELD, on behalf of himself and all others similarly situated,<br><br>               Plaintiffs,<br><br>     vs.<br><br>DENDREON CORPORATION and MITCHELL H. GOLD,<br><br>             Defendants. | No. 07-cv-0800-MJP<br><br>**CLASS ACTION**<br><br>**MOTION BY KENNETH MCGUIRE, DAVID HARRIS, LESLIE FREDERICK AND DAVID WILCZYNSKI FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF MOVANTS' SELECTION OF LEAD COUNSEL**<br><br>NOTE ON MOTION CALENDAR: August 10, 2007 |

*Motion by Kenneth McGuire, et al. for Consolidation, Appointment as Lead Plaintiff, and Approval of Movants' Selection of Lead Counsel Case No. 07-cv-0800-MJP Page 1 of 15*

767624v1/010251

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

Plaintiffs Kenneth McGuire, David Harris, Leslie Frederick, and David Wilczynski (the "McGuire Group") hereby jointly and severally move this Court[1] (a) for consolidation of all related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;[2] (b) for their appointment to serve as lead plaintiff in this securities fraud class action under Section 21D(a)(3)(B)(v) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (c) for the approval of their choice of Susman Godfrey L.L.P. as counsel for Lead Plaintiff and the Class.  Granting the McGuire Group's motion is appropriate for the following reasons:

- All four related actions allege securities fraud violations against Dendreon Corporation ("Dendreon" or the "Company") and certain of its officers and directors over the same approximate class periods and involve common questions of fact and law.

- The McGuire Group is believed to be the investor with the largest financial interest in the outcome of the case, having collectively lost over $8,241,146.16 dollars as a result of its total class period transactions in shares of Dendreon.[3]

---

[1] In the alternative, each Movant seeks appointment as Lead Plaintiff.

[2] The four related actions of which the McGuire Group is presently aware are *Schonfield v. Dendreon Corp., et al.*, No. 2:07-cv-00800-MJP, *Hu v. Dendreon Corp., et al.,* No. 2:07-cv-00870-MJP, *McDevitt v. Dendreon Corp., et al.*, No. 2:07-cv-00898-MJP; *McGuire, et al. v. Dendreon Corp., et al.,* No. 2:07-cv-0869-MJP, all of which are pending in this District.

[3] The McGuire Group's certifications listing its members' transactions in Dendreon stock, as required by § 21D(a)(2) of the PSLRA, is attached to the accompanying Declaration of Marc M. Seltzer ("Seltzer Decl.") as Exhibit A.  Charts detailing its members' losses are attached to the Seltzer Decl. as Exhibit B.  Although the McGuire Group's complaint alleges a 3/1/07-5/8/07 class period, for purposes of calculating its members' losses for the present motion, the McGuire Group has used 3/29/07-5/8/07 class period alleged in the related actions to assist the Court in comparing losses.  The McGuire Group's losses for purposes of the current motion are not necessarily the same as its members' legally compensable damages, measurement of which is often a complex legal

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

- The McGuire Group satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its members' claims are typical of the claims of the class, and it and they will fairly and adequately represent the interests of the Class.

- The McGuire Group believes that the Complaint they have filed and adopted sets forth the most viable legal theory of relief, and that it is therefore in a better position to represent and vindicate the interests of the Class.

- The McGuire Group has selected Marc M. Seltzer of Susman Godfrey L.L.P. as its counsel, who possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions.

For these reasons, and the reasons set forth below, the McGuire Group respectfully requests that the Court grant its motion.

## I. <u>NATURE OF THE ACTIONS</u>

Pending before this Court are at least four securities class action lawsuits by purchasers of Dendreon stock against Dendreon and certain of its officers and directors. All four actions allege violations of sections 10(b) and 20(a) of the Exchange Act and rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission ("SEC") across similar class periods—March 29, 2007 to May 8, 2007 in three of the actions, March 1 to May 8, 2007 in the fourth.

All four complaints charge Dendreon with making false and misleading statements and omissions relating to Dendreon's Biologics License Application for Provenge—

---

question which cannot be determined at this early stage of the litigation. Damages were calculated using both the "first-in, first-out" or FIFO method, and the "last-in, last-out," or LIFO method. The price used for calculating damages on retained shares was $7.28 per share, the average closing prices from May 9, 2007 through July 20, 2007. *See* 15 U.S.C. § 78u-4(e)(1).

*Motion by Kenneth McGuire, et al. for Consolidation, Appointment as Lead Plaintiff, and Approval of Movants' Selection of Lead Counsel Case No. 07-cv-0800-MJP Page 3 of 15*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

767624v1/010251

Dendreon's most advanced product—which was, and remains, pending before the United States Food and Drug Administration ("FDA").  Three of the complaints—*Schonfield v. Dendreon Corp., et al.*, No. 2:07-cv-00800-MJP, *Hu v. Dendreon Corp., et al.,* No. 2:07-cv-00870-MJP, *McDevitt v. Dendreon Corp., et al.*, No. 2:07-cv-00898-MJP—are premised on Dendreon's alleged failure to adequately disclose the insufficiency of the clinical trial data showing the effectiveness of Provenge and the likelihood that the FDA would deny approval because of the insufficiency of the clinical trial data.  The fourth complaint, *McGuire, et al. v. Dendreon Corp., et al.,* No. 2:07-cv-0869-MJP, alleges that Dendreon and certain of its officers and directors failed to disclose that, in February of 2007, the FDA had inspected Dendreon's manufacturing facilities and cited Dendreon for various Controls, Manufacturing and Chemistry ("CMC") violations.  All four actions allege that the truth began to emerge on May 8, 2007, when the FDA issued a Complete Response letter denying approval of the Provenge BLA because of the CMC violations and uncertainty regarding Provenge's efficacy.  Upon the announcement of the FDA's action, Dendreon's share price plummeted from $17.74 to $6.33.

## II.   CONSOLIDATION IS APPROPRIATE PURSUANT TO FED. R. CIV. P. 42(a)

Under the PLSRA, a court must determine whether consolidation is appropriate before considering motions for lead plaintiff.  *See* § 21D(a)(3)(B).  Rule 42(a) of the Federal Rules of Civil Procedure, which governs motions to consolidate, provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trail of any or all of the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cots or delay.

Fed. R. Civ. P. 42(a).

Consolidation is common in federal securities class action cases. *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D. N.J. 1998).  Section 21D(a)(3)(B) of the Exchange Act

*Motion by Kenneth McGuire, et al. for Consolidation, Appointment as Lead Plaintiff, and Approval of Movants' Selection of Lead Counsel Case No. 07-cv-0800-MJP Page 4 of 15*

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

767624v1/010251

expressly contemplates the consolidation of multiple securities actions "asserting substantially the same claim or claims." Further, it is well established that "[n]either Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated." *In re Cendant Corp. Litig.*, 182 F.R.D. at 478. "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond,* 240 F.R.D. 88, 90-91 (S.D.N.Y. 2007); *see, e.g., In re Cendant Corp. Litigation.* 182 F.R.D. at 478 (collecting cases finding differing class periods immaterial, and finding variations in legal theories and measures of damages not to preclude class certification); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 292-93 (E.D.N.Y. 1998) (consolidating actions alleging violations of section 10(b) and 20(a) under Securities Exchange Act of 1934, despite the fact that one of the four complaints specified a class period which began before and ended during the class period alleged in the other three complaints).

Here, while there are undoubtedly differences between the operative facts alleged in *McGuire, et al. v. Dendreon, et al.*, No. 2:07-cv-0869-MJP, and the operative facts alleged in the other actions, all the actions have overlapping class periods, allege essentially the same insider sales, and allege the same date the fraud began to be essentially revealed, <u>viz.</u> the FDA's May 8, 2007 Complete Response letter. There is a serious risk that if the actions were allowed to proceed separately and classes were certified in both actions, the doctrine of *res judicata* would operate to bar the latter action. *See Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir. 1980) (stating that the doctrine of *res judicata* bars not only those claims that were raised in an earlier action, but those that <u>could</u> have been raised in an earlier action premised on the same set of operative facts); *cf. International Union of Operating Engineers-Employers Const. Industry Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, (9th Cir. 1993) (noting that claims based on a breach of the same

*Motion by Kenneth McGuire, et al. for Consolidation, Appointment as Lead Plaintiff, and Approval of Movants' Selection of Lead Counsel Case No. 07-cv-0800-MJP Page 5 of 15*

767624v1/010251

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

contract should be brought in the same action so long as the alleged breaches antedate the original action). Consolidation of the related actions would dispose of this risk. *See Bay State HMO Management, Inc. v. Tingley Systems, Inc.,* 181 F.3d 174, 181 (9th Cir. 1999) (finding the doctrine of *res judicata* inapplicable where the related cases are consolidated); *see also Hagee v. City of Evanston,* 729 F.2d 510, 514 (7th Cir. 1984) ("The principle that res *judicata* extends to all matters within the purview of the original action, whether or not they were actually raised, is tantamount to a rule requiring parties to consolidate all closely related matters into one suit.").

In sum, while the McGuire Group would prefer to litigate its claims separately from the other actions and believes that its claims are factually distinct from (and superior to) those asserted in the other actions, it nonetheless believes that consolidation is necessary to prevent the possible application *res judicata* to later-decided claims. Further, the interests of judicial economy and justice militate in favor of a consolidation order, in light of overlapping factual and legal issues and the risk of duplicative recoveries. Accordingly, the McGuire Group's motion for consolidation should be granted.

In the alternative, the McGuire Group requests that the decision on consolidation be revisited at the class certification stage, at which time some of the claims may have been dismissed. *See Interiors By Priscilla & Perry, Inc. v. Frick*, 2006 WL 2873618, 1 (Bkrtcy.N.D.Ind., Oct. 06, 2006) (denying motion to consolidate without prejudice to re-move as the cases proceed closer to trial); *see generally Grigsby v. North Mississippi Medical Center, Inc*., 586 F.2d 457, 461 (5th Cir. 1978) (noting that *res judicata* does not apply to class members until a class is certified) (citing 3B Moore's Federal Practice ¶23.11(5) (2d ed. 1978)).

*Motion by Kenneth McGuire, et al. for Consolidation, Appointment as Lead Plaintiff, and Approval of Movants' Selection of Lead Counsel Case No. 07-cv-0800-MJP Page 6 of 15*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

767624v1/010251

III.     **THE MCGUIRE GROUP SHOULD BE APPOINTED LEAD PLAINTIFF**

A.     **The Procedures Mandated By The PSLRA**

Under the PLSRA, the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be most capable of adequately representing the interests of the class members[.]" 15 U.S.C. 78u-4(a)(3)(B)(i).  By using the language "*members of the purported class,*" the PSLRA expressly contemplates that groups of individuals can jointly serve as "lead plaintiff." *In re Surebeam Corp. Securities Litig.*, No. 03 CV 1721, 2004 WL 5159061, at  5 (Jan. 5, 2004); *In re Ride, Inc.,* No. C-97-402WD (W.D.Wash. Aug. 5, 1997) ("On its face, this language calls for aggregation") (quoting § 78u-4(a)(3)(B)(iii)(I)); *see, e.g., Takeda v. Turbodyne,* 67 F.Supp.2d 1129, 1135 (C.D.Cal. 1999) (appointing group of seven individuals as lead plaintiff) *Yousefi v. Lockheed Martin Corp.,* 70 F. Supp. 2d 1061, 1067 (C.D.Cal. 1999) (appointing group of two); *In re Advanced Tissue Sciences Sec. Litig.*, 184 F.R.D. 346 (S.D.Cal. 1998) (appointing group of six); *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 408-09 (D.Minn. 1998) (appointing group of six); *Weltz v. Lee*, 199 F.R .D. 129, 133 (S.D.N.Y. 2001) (appointing group of seven); *see also* October 30, 1998 Securities Exchange Commission Announcement, 1998 WL 755118 (approving of the appointment of small groups of individuals as "lead plaintiff").

The PLSRA creates a rebuttable presumption that the lead plaintiff should be the plaintiff who: (1) has brought the motion for appointment of lead counsel in response to the publication of notice; (2) has the "largest financial interest: in the relief sought by the class; and (3) otherwise satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. 78u-4(a)(3)(b)(I)(aa)-(cc); *see also Zucker v. Zoran*, No. C 06-04843, 2006 WL 3591156, *2 (N.D. Cal. Dec. 11, 2006).  The above presumption may be rebutted only upon proof that the presumptive lead plaintiff (1) will not fairly and adequately protect the interests of the class or (2) is subject to "unique defenses" that render the such plaintiff incapable of adequately

*Motion by Kenneth McGuire, et al. for Consolidation, Appointment as Lead Plaintiff, and Approval of Movants' Selection of Lead Counsel Case No. 07-cv-0800-MJP Page 7 of 15*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

767624v1/010251

representing the class. 15 U.S.C. 78u-4(a)(3)(B)(iii)(II)(bb)-(cc); *Zucker*, 2006 WL 3591156 at *2.

In *In re Cavanaugh,* 306 F.3d 726 (9th Cir. 2002), the Ninth Circuit established a three-step inquiry for appointing a lead plaintiff. *Id.* at 729. First, the district court must determine whether the procedural requirements of the PSLRA have been met, viz., whether first-filed plaintiff has filed an appropriate notice to the class within 20 days of filing the action and whether the plaintiffs have moved for lead plaintiff position within 60 days of such notice. *Id.*; *see also* 15 U.S.C. §78u-4(a)(3)(A)(I). Second, the district court must consider which of the plaintiffs has the largest financial interest in the action, and whether the proposed lead plaintiff meets Fed. R. Civ. P. 23's requirements. *Id.* Finally, other candidates have the opportunity to rebut the presumption that the putative lead plaintiff can adequately represent the class. *Id.*

## B.   The Procedural Requirements for Appointment of Lead Plaintiff Have Been Satisfied

Under the PLSRA, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(I). The PSLRA further states that within sixty days after the publication of the notice mandated by the PSLRA, any "person or group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C §78u-4(a)(A) and (B). Each prospective plaintiff must provide a sworn certification that, *inter alia*, details "all of the transactions of the plaintiff that is the security that is the subject of the complaint during the class period specified in the complaint." *Id.* at § 78u-4(a)(2)(A)(iv).

Here, counsel in the first-filed action caused the first notice to be published on May 25, 2007. *See* Seltzer Decl. at Ex. C. Further, the McGuire Group filed its own complaint on June 6, 2007, timely filed this motion before the expiration of the 60-day period from the

*Motion by Kenneth McGuire, et al. for Consolidation, Appointment as Lead Plaintiff, and Approval of Movants' Selection of Lead Counsel Case No. 07-cv-0800-MJP Page 8 of 15*

S U S M A N  G O D F R E Y  L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

767624v1/010251

publication of the notice of the first-filed action, and has included the requisite certifications of purchase. Accordingly, the PSLRA's procedural requirements have been met.

### C.   The McGuire Group Believes That It Has The Largest Financial Interest In The Relief Sought By The Class

The second step under the PSLRA is determining which proposed lead plaintiff "has the largest financial interest in the relief sought by the class." *Id.* at § 78u-4(a)(3)(B)(iii)(I). Although the PSLRA does not dictate the process for determining which party has the largest financial interest, courts generally consider four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period. *In re Surebeam*, 03 CV 1721, 2004 WL 5159061 (S.D.Cal. Jan. 5, 2004); *see also In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d at 295; *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D.Tex. 2002).

Here, the McGuire Group purchased 1,359,650 total shares during the class period, 1,349,650 net shares during the class period, expended $18,011,673.25 in total net funds during the class period, and suffered $8,241,146.16 in losses during the class period using the FIFO calculation. *See* Seltzer Decl. at Ex. B.

The following chart presents the four factors as applied to the remaining lead plaintiff movants, based on the figures provided in the motion papers:[1]

///

///

///

///

---

[1]  Accompanying schedules of transactions in Dendreon common stock reflect corrections of certain clerical errors in the certificates previously submitted by the named plaintiffs.

*Motion by Kenneth McGuire, et al. for Consolidation, Appointment as Lead Plaintiff, and Approval of Movants' Selection of Lead Counsel Case No. 07-cv-0800-MJP Page 9 of 15*

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

767624v1/010251

| Movant | Shares Purchased | Net Shares Purchased | Total Net Funds Expended | FIFO Loss | LIFO Loss |
|---|---|---|---|---|---|
| KENNETH MCGUIRE | 650,000 | 575,350 | $9,339,592.03 | $5,766,714.25 | $5,151,044.03 |
| DAVID HARRIS | 590,900 | 550,900 | $4,905,324.76 | $1,220,175.43 | $894,772.76 |
| LESLIE FREDERICK | 83,550 | 73,550 | $1,341,031.57 | $805,587.57 | $805,587.57 |
| DAVID WILCZYNSKI | 35,200 | 35,200 | $488,668.91 | $232,412.91 | $232,412.91 |
| TOTALS | 1,359,650 | 1,349,650 | $18,011,673.25 | $8,241,146.16 | $7,300,073.27 |

The legislative history of the PSLRA demonstrates that the McGuire Group is precisely the type of plaintiff Congress sought to encourage to come forward and be appointed as lead plaintiff. *See* House Conference Report No. 104-369, 104th Cong. 1st Sess. at 34 (1995) ("[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."); *see also, e.g., Netsky v. Capstead Mortgage Corp.*, 2000 U.S. Dist. LEXIS 9941 at *28 (N.D. Tex. 2000) ("Congress intended to increase the likelihood that parties with significant holdings in issuers, whose interests are more aligned with the class of shareholders, will participate in the litigation and exercise control ..."). Thus, as contemplated by Congress, the McGuire Group will most effectively represent the interests of the plaintiff class.

**D.      The McGuire Group Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure**

Section 21(D)(3)(B) of the PLSRA provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *In re Cavanaugh*, 306 F.3d at 730. The inquiry focuses solely on the "typicality" and "adequacy"

*Motion by Kenneth McGuire, et al. for Consolidation, Appointment as Lead Plaintiff, and Approval of Movants' Selection of Lead Counsel Case No. 07-cv-0800-MJP Page 10 of 15*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

767624v1/010251

requirements, as the other requirements in Fed. R. Civ. P. 23 preclude class certification by themselves. *Id.* at n.5 & 732.

Generally, the typicality requirement is satisfied if the claims arise from the same event, practice or common course of conduct that gives rise to the claims of the class members, and are based on the same legal theory. *See Zucker*, 2006 WL 3591156 at *3 (citing *Armour v. Network Assoc., Inc.*, 171 F. Supp. 2d 1044, 1050 (N.D. Cal. 2001)). As purchasers of common stock, the McGuire Group easily satisfies the typicality requirement. Just like all other class members, it: (1) purchased Dendreon securities during the Class Period; (2) at prices alleged to have been artificially inflated by the false and misleading statements issued by defendants or by defendants' failure to disclose material information; and (3) suffered damages thereby. Further, its injuries arose from the same course of conduct as the other Class members, and its legal theories are the same as those of the members of the putative Class. Accordingly, the typicality requirement of Rule 23(a)(3) is satisfied.

The "adequacy" requirement of Rule 23 is met if it appears that: (1) the named plaintiff has interests in common with, and not antagonistic to, the class' interests; and (2) the plaintiff's attorneys are qualified, experienced and generally able to conduct the litigation. *See id.* at *5; *Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978). Here, the McGuire Group has the same interest as the rest of the class. It wishes to recover for defendants' allegedly fraudulent and misleading statements and omissions regarding the BLA for Provenge. Further, the proposed Lead Plaintiff has selected and retained Marc M. Seltzer and Susman Godfrey, L.L.P., who are highly experienced and well qualified in prosecuting securities class actions. *See* Seltzer Decl. at Ex. D. Finally, the McGuire Group believes that the complaint filed in *McGuire, et al. v. Dendreon Corp., et al.* reflects the strongest legal theory against Dendreon and certain of its officers and directors. Accordingly, the McGuire Group satisfies the "adequacy" requirement of Rule 23.

*Motion by Kenneth McGuire, et al. for Consolidation, Appointment as Lead Plaintiff, and Approval of Movants' Selection of Lead Counsel Case No. 07-cv-0800-MJP Page 11 of 15*

767624v1/010251

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

IV.    **THIS COURT SHOULD APPROVE THE MCGUIRE GROUP'S CHOICE OF LEAD COUNSEL**

The PSLRA vests authority in the lead plaintiff, subject to court approval, to select and retain lead counsel.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also, e.g., Lax v. First Merchants Acceptance Co.,* 1997 WL 405668 at *5 (N.D. Ill. Aug. 11, 1997).  The Court should not disturb the proposed lead plaintiff's choice of counsel unless necessary to "protect the interests of the [plaintiff] class."  15 U.S.C. §78u4(a)(3)(B)(iii)(II)(aa); *see In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp.2d 427, 438 (E.D. Va. 2000) ("The PSLRA plainly states that a district court's duty is to appoint a lead plaintiff based on the relevant statutory criteria . . . it is the lead plaintiff's duty to select and retain counsel to represent the class . . . a district court should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources ...").  Congress' purpose in enacting these provisions "was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff – frequently a large institution or otherwise sophisticated investor – would be motivated to act like a "real" client, carefully choosing counsel and monitoring counsel's performance ..."  *In re: Razorfish, Inc. Secs. Litig.,* 143 F. Supp. 2d 304, 307 (S.D. N.Y. 2001).

The McGuire Group has selected and retained Marc M. Seltzer and Susman Godfrey L.L.P., who possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  *See* Resumes of Susman Godfrey L.L.P. and Marc M. Seltzer, Seltzer Decl. at Exs. D and E.  This selection was made without any collusion or pre-existing relationship between Susman Godfrey L.L.P. and the McGuire Group.  Thus, the Court may be assured that, in the event this motion is granted, the members of the Class will receive the highest calibre of legal representation available.

*Motion by Kenneth McGuire, et al. for Consolidation, Appointment as Lead Plaintiff, and Approval of Movants' Selection of Lead Counsel Case No. 07-cv-0800-MJP Page 12 of 15*

767624v1/010251

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

**V.** **CONCLUSION**

For all the foregoing reasons, the McGuire Group respectfully requests that the Court consolidate these actions and appoint it as lead plaintiff under Section 21D(a)(3)(B) of the PSLRA.  The McGuire Group further requests that the Court approve its choice of Susman Godfrey L.L.P. as lead counsel.

Dated:   July 24, 2007.

        /s/ Drew D. Hansen

SUSMAN GODFREY L.L.P.
Drew D. Hansen (30467)
dhansen@susmangodfrey.com
John M. Neukom (36986)
jneukom@susmangodfrey.com
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880
Fax: (206) 516-3883

SUSMAN GODFREY L.L.P.
Marc M. Seltzer (CA Bar No. 54534)
mseltzer@susmangodfrey.com
Ryan C. Kirkpatrick (CA Bar No. 243824)
rkirkpatrick@susmangodfrey.com
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067-6029
Tel:  (310) 789-3100
Fax:  (310) 789-3150

Attorneys for Plaintiffs Kenneth McGuire, David Harris, Leslie Frederick, and David Wilczynski

*Motion by Kenneth McGuire, et al. for Consolidation, Appointment as Lead Plaintiff, and Approval of Movants' Selection of Lead Counsel Case No. 07-cv-0800-MJP Page 13 of 15*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

767624v1/010251

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2007 I electronically filed the **MOTION BY KENNETH MCGUIRE, DAVID HARRIS, LESLIE FREDERICK AND DAVID WILCZYNSKI FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF MOVANTS' SELECTION OF LEAD COUNSEL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Douglas W. Greene
> Barry M. Kaplan
> WILSON SONSINI GOODRICH & ROSATI
> 701 Fifth Avenue, Suite 5100
> Seattle, WA  98104

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

> Clifford A. Cantor
> LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
> 627 208th Ave. SE
> Sammamish, WA 98074

> William B. Federman
> FEDERMAN & SHERWOOD
> 10205 N. Pennsylvania
> Oklahoma City, OK 73120

> Juli E. Farris
> Lynn Lincoln Sarko
> KELLER ROHRBACK L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101-3052

*The McGuire Group's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of their Selection of Lead Counsel*

*Page 14 of 15*

767624v1/010251

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

Richard A. Maniskas
D. Seamus Kaskela
SCHIFFRIN BARROWAY TOPAZ & KESSLER, L.L.P.
280 King of Prussia Rd.
Radnor, PA 19087

Karl P. Barth
LOVELL MITCHELL & BARTH, L.L.P.
11542 NE 21st Street
Bellevue, WA 98004

Lionel Z. Glancy
Michael M. Goldberg
GLANCY BINKOW & GOLDBERG L.L.P.
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067

Howard G. Smith
LAW OFFICES OF HOWARD G. SMITH
3070 Bristol Pike, Suite 112
Bensalem, PA 19020

Dated:   July 24, 2007.                    _s/ Drew D. Hansen_____
                                          SUSMAN GODFREY L.L.P.
                                          Drew D. Hansen (30467)
                                          dhansen@susmangodfrey.com
                                          John M. Neukom (36986)
                                          jneukom@susmangodfrey.com
                                          1201 Third Avenue, Suite 3800
                                          Seattle, WA 98101-3000
                                          Tel: (206) 516-3880
                                          Fax: (206) 516-3883

                                          SUSMAN GODFREY L.L.P.
                                          Marc M. Seltzer (CA Bar No. 54534)
                                          mseltzer@susmangodfrey.com
                                          Ryan C. Kirkpatrick (CA Bar No. 243824)
                                          rkirkpatrick@susmangodfrey.com
                                          1901 Avenue of the Stars, Suite 950
                                          Los Angeles, CA  90067-6029
                                          Tel:  (310) 789-3100
                                          Fax:  (310) 789-3150

*The McGuire Group's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of their Selection of Lead Counsel*

*Page 15 of 15*

767624v1/010251

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883