UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH MCGUIRE, et. al., | Case No. C07-800MJP |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF MOUNTANOS GROUP'S MOTION TO DISQUALIFY LEAD PLAINTIFF |
| DENDREON CORPORATION, et. al., | |
| Defendant. | |

This matter comes before the Court on Plaintiff Mountanos Group's ("the Group") motion to disqualify lead plaintiff. (Dkt. No. 51.) Lead Plaintiff McGuire opposes the motion. (Dkt. No. 58.) Having considered the motion and response, Plaintiff Mountanos Group's reply (Dkt. No. 60), the declaration of Kenneth McGuire (Dkt. No. 59), and the balance of the record, the Court DENIES Plaintiff Mountanos Group's motion to disqualify.

**Background**

On October 4, 2007, the Court consolidated a series of securities class action lawsuits against the Dendreon Corporation and a variety of its corporate officers and directors. (Dkt. No. 40.) At the same time, the Court appointed Plaintiff McGuire as Lead Plaintiff under the Private Securities Litigation Reform Act ("the Act"). The Act provides a set of guidelines which create a rebuttable presumption of qualification for lead plaintiff. The statute describes as "most qualified" the plaintiff who has:

1. Brought the motion for appointment of lead counsel in response to the publication of notice;
2. The largest financial interest in the relief sought by the class; and

ORDER — 1

1  3.     Otherwise satisfies the requirements of FRCP 23.

2  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

After determining that Plaintiff McGuire met these qualifications, the Court rejected the Group's attempt to rebut the presumption of qualification and denied their motion to compel discovery of McGuire. The Group argued that because McGuire was both an investor in and former director of other (unrelated) biotech companies, he might have invested in Dendreon based on material non-public information. The Court found these inferences to be both speculative and sufficiently rebutted by Plaintiff McGuire's own declaration.

The Group now asks the Court to reconsider McGuire's qualification in light of new facts revealed by the Defendants in their December 11, 2008, Motion for Status Conference and/or Adjustment of Motion to Dismiss Schedule. (Dkt. No. 48.)

**Discussion**

**I.     Whether the Group has Standing to Challenge Lead Plaintiff**

In general, the Court has an ongoing obligation to consider new information relevant to the adequacy and typicality of a lead plaintiff. Wenderhold v. Cylink Corp., 188 F.R.D. 577 (N.D. Cal. 1999). However, the Act provides that the presumption of adequacy of a lead plaintiff "may be rebutted only upon proof by a *member of the purported plaintiff class*." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (emphasis added). Lead plaintiff McGuire reads this section to act as an absolute bar to a motion brought by a non-class member. McGuire challenges the Group's standing on the grounds that, as a purchaser of put and call options only, it is not a member of the putative plaintiff class.

However, as Plaintiff McGuire himself notes, the lead plaintiff process is not intended to be a full-fledged litigation of class certification issues. Rather, the Court has a continuing responsibility to determine whether lead plaintiffs meet the typicality and adequacy prongs of Rule 23 regardless of standing to object. See, e.g., Z-Seven Fund Inc. v. Motorcar Parts & Accessories, 231 F.3d 1215, 1218-19 (9th Cir. 2000) (district court may make change to lead

ORDER — 2

plaintiff status consistent with court's continuing duty to ensure adequate representation of class); Wenderhold v. Cylink Corp., 188 F.R.D. 577 (N.D. Cal. 1999) (regardless of whether defendants have standing to object, the court is required to determine whether the proposed lead plaintiff are capable of adequately protecting the interests of the class members); In re NYSE Specialists Securities Litigation, 240 F.R.D. 128 (S.D.N.Y. 2007) (it is within the court's discretion and responsibility to consider a motion to disqualify and remove a lead plaintiff appointed by the court, despite a lack of explicit authorization under the Act or Rule 23). The Court finds that it has an ongoing duty to consider new information relevant to the adequacy and typicality of Lead Plaintiff McGuire.

**II.      Whether the Group has Rebutted the Presumption of Qualification**

The presumption of adequacy may be rebutted upon *proof* that the presumptively most adequate plaintiff (a) will not fairly and adequately protect the interests of the class; or (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. §78u-49a)(3)(B)(iii)(II). The Group's new proffered proof is McGuire's proposed consulting agreement with Dendreon. On May 11, 2007, Plaintiff McGuire proposed a consulting agreement in which he sought to receive $1,000 per day and 2,500,000 options to purchase Dendreon stock in exchange for his services. The proposed agreement was never consummated and was withdrawn by McGuire on May 18, 2007.

The Group argues that McGuire intentionally withheld this information from his August 10, 2007 declaration to the Court, and that the consulting agreement on its face suggests (1) that McGuire may have had nonpublic knowledge or access to information about Dendreon stock, and (2) that McGuire may have interest and motives in pursuing this litigation that are different from those of the class. However, McGuire's declaration contains adequate detail to rebut any such inference raised by the consulting agreement on its face. See In re Critical Path Inc. Sec. Litig., 156 F. Supp. 2d 1102, 1110-11 (N.D. Cal. 2001) (non-conclusory declarations made with sufficient elaboration may establish compliance with Rule 23).

ORDER — 3

The proposed consulting agreement occurred after the class period had ended, after McGuire sold all of his shares in Dendreon stock, and before he concluded that Dendreon misled him and other investors. (Dkt. No. 49; ¶¶ 3, 11, 12.) According to McGuire's declaration, as soon as he concluded that Dendreon withheld material information, McGuire withdrew his proposal and contacted a lawyer. (Dkt. No. 49, ¶ 12.) Courts have repeatedly rejected the argument that a plaintiff's post-class period transactions in a defendant company's securities are inconsistent with a claim of fraud or raise questions as to the plaintiff's adequacy and typicality. See, e.g., Rosen v. Textron Inc., 369 F. Supp. 2d 204, 209 (D.R.I. 2005) (post-class purchases after full disclosure were "essentially irrelevant" to the claims and defenses in the action). It follows that proposed post-class period transactions that never took place provide even less bearing on whether or not McGuire relied on the integrity of the market during the class period.

Finally, as the Court has already stated, the fact that McGuire has professional and investment experience in the biotechnology industry is on its own insufficient to raise serious questions about McGuire's typicality or adequacy. See Beale v. EdgeMark Financial Corp., 614 F.R.D. 649, 656 (N.D. Ill. 1995) ("Speculation regarding access to non-public information, in the absence of any allegations or evidence of such information, does not impact on the issue of reliance"). The Court finds that Plaintiff Mountanos Group has not offered sufficient proof to rebut the statutory presumption of Plaintiff McGuire's adequacy as lead plaintiff.

**Conclusion**

Because Plaintiff Mountanos Group failed to rebut the presumption of Lead Plaintiff McGuire's adequacy, the motion to disqualify is DENIED.

Dated: February 12th, 2008.

A
Marsha J. Pechman
U.S. District Judge

ORDER — 4