UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH McGUIRE,<br><br>Plaintiff,<br><br>v.<br><br>DENDREON CORPORATION,<br><br>Defendant. | Case No. C07-800-MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR RELIEF FROM ORDER RE INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT |

This matter comes before the Court on Defendant's motion for relief from the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement. After reviewing the motion (Dkt. No. 106), Plaintiff's response (Dkt. No. 109), and Defendant's reply (Dkt. No. 110), the Court GRANTS the motion.

**Background**

Plaintiffs filed a class action against Dendreon Corporation and two of its officers alleging violations of the Securities Exchange Act of 1934. The Court granted in part and denied in part Defendant's motion to dismiss the First Amended Class Action Complaint, and Plaintiffs filed a Second Amended Class Action Complaint ("Second Amended Complaint"). On January 12, 2009, the Court entered an Order Regarding Initial Disclosures, Joint Status Report and Early Settlement ("January 12 Order"). (Dkt. No. 102.) Defendant then filed a motion to dismiss the Second Amended Complaint. (Dkt. No. 105.)

Defendant moves for relief from the Court's January 12 Order, requesting an extension of the Private Securities Litigation Reform Act of 1995 ("PSLRA") discovery stay until its motion to dismiss the Second Amended Complaint is ruled upon.

ORDER - 1

**Discussion**

The PSLRA mandates that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds . . . that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). The PSLRA stay applies to Fed. R. Civ. P. 26(a) initial disclosures, Medhekar v. U.S. Dist. Ct. for the N. Dist. of Cal., 99 F.3d 325, 328 (9th Cir. 1996), and continues until "the court has sustained the legal sufficiency of the complaint." SG Cowen Sec. Corp. v. U.S. Dist. Ct. for the N. Dist. of Cal., 189 F.3d 909, 912 (9th Cir. 1999). Plaintiffs do not argue that extending the PSLRA discovery stay is necessary to preserve evidence or prevent undue prejudice, but contend that Defendant's motion to dismiss the Second Amended Complaint is actually a motion for reconsideration that is not subject to the PSLRA stay. (Dkt. No. 109 at 1-2.)

The PSLRA clearly requires that discovery shall be stayed when any motion to dismiss is pending. 15 U.S.C. § 78u-4(b)(3)(B). Defendant's motion to dismiss is not characterized as a successive motion challenging the First Amended Class Action Complaint, but purports to challenge the sufficiency of a complaint the Court has not reviewed. Plaintiffs offer no Ninth Circuit precedent requiring the Court to preview a motion to dismiss to determine the applicability of a PSLRA stay.

There is also no Ninth Circuit precedent holding that motions for reconsideration are not subject to the PSLRA stay. In fact, a Southern District of California court did extend the PSLRA stay while a motion for reconsideration was pending. See Powers v. Eichen, 961 F. Supp. 233 (S.D. Cal. 1997).

**Conclusion**

Because a motion to dismiss the Second Amended Complaint is pending, the Court hereby GRANTS Defendant's motion for relief from the January 12 Order and extends the PSLRA discovery stay.

ORDER - 2

1      The Clerk is directed to send a copy of this order to all counsel of record.

2    DATED this _11th__ day of March, 2009.

3

4                                             _____
                                              Marsha J. Pechman
5                                             United States District Judge

ORDER - 3