The Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| KENNETH MCGUIRE and DAVID WILCZYNSKI, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DENDREON CORPORATION, et al.,<br><br>Defendants. | Case No. C07-800 MJP<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND PROVIDING FOR NOTICE** |

This class action comes before the Court on the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Approval of Notice ("Motion") and on the Stipulation of Settlement dated October 25, 2010 (the "Stipulation") entered into by the Class Representatives and Defendants (collectively, the "Settling Parties"). The Court has reviewed the Motion and the Stipulation and attached exhibits, and finds that the Motion is due to be granted.

The Settling Parties have applied, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Action in accordance with the Stipulation which, together with its exhibits, sets forth the terms and conditions for a proposed settlement of and for dismissal of the Action with prejudice upon the terms and conditions of the Stipulation. The Court has read and considered the Stipulation and its exhibits and finds that the application for preliminary approval is well taken.

All defined terms used in this Order shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, the Court hereby ORDERS:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement, subject to further consideration at the Settlement Hearing described below. Therefore, it GRANTS the motion for preliminary approval of the proposed class settlement.

2. A hearing (the "Settlement Hearing") shall be held before this Court on **December 17, 2010** at **1:30 p.m.** to determine: whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and Subclass and should be approved by the Court; whether a Judgment as provided in ¶ 1.13 of the Stipulation should be entered and whether any applications for attorneys' fees or expenses should be approved. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

3.     The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Summary Notice for publication, and the Proof of Claim Form and Release annexed as Exhibits A-1 to A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶ 4 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including by the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled to notice.

4.     The firm of Gilardi & Company, LLC ("Claims Administrator"), is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

   (a)    Dendreon shall cooperate, to the extent necessary, in making its transfer records and shareholder information available to the Claims Administrator for the purpose of identifying and giving notice to the Class;

   (b)    Class Counsel shall make reasonable efforts to identify all persons and entities who are potential Members of the Class and, not later than **November 10, 2010** (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice substantially in the form annexed as Exhibit A-1 to be mailed by first class mail to all potential Class Members who can be identified with reasonable effort;

   (c)    Not later than **November 15, 2010**, the Claims Administrator shall cause the Summary Notice in the form annexed as Exhibit A-2 to be published once in *Investor's Business Daily* and once over the *PR Newswire*; and

   (d)    At least three calendar days prior to the Settlement Hearing, Class Counsel shall cause to be served on counsel for Defendants and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

5. Nominees who purchased the common stock or options of Dendreon for the beneficial ownership of Class Members during the Class Period shall send the Notice to all beneficial owners of such Dendreon securities within seven days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are potential Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

6. All Members of the Class, except those who are found by the Court to have previously timely and validly requested exclusion from the Class, shall be bound by all determinations in the Action concerning the Settlement, whether favorable or unfavorable.

7. Pending final determination of whether the Stipulation should be approved, Class Counsel, Class Representatives, and Class Members are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Persons.

8. Class Members who did not previously timely and validly request exclusion from the Class may complete and submit Proof of Claim and Release forms in accordance with the instructions contained therein and in the Notice. Unless the Court orders otherwise, all Proof of Claim and Release forms, if required, must be postmarked no later than one hundred-twenty (120) days from the Notice Date. Any Class Member who does not submit a Proof of Claim and Release form within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Class Counsel shall have discretion to accept

late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund is not materially delayed thereby.

9. Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Class Counsel and counsel for Defendants a notice of such appearance. If they do not enter an appearance, they will be represented by Class Counsel.

10. All papers in support of the settlement shall be filed and served no later than twenty-one calendar days prior to the Settlement Hearing. All papers in support of the request for attorneys' fees and expenses shall be filed and served no later than the Notice Date. Any reply papers in further support of the above-noted motions shall be served and filed no later than seven calendar days prior to the Settlement Hearing.

11. All Persons found by this Court to have previously validly and timely excluded themselves from the Class shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered as to Defendants in the Action.

12. Any Class Member may appear and show cause, if he, she, or it has any, why the proposed settlement with Defendants should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon; provided, however, that no Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before **December 10, 2010**, by each of the following:

>Clerk of the Court
>Western District of Washington
>U.S. Courthouse, Lobby Level
>700 Stewart Street
>Seattle, Washington 98101

| | |
|---|---|
| Susman Godfrey L.L.P.<br>Marc M. Seltzer<br>1901 Avenue of the Stars, Suite 950<br>Los Angeles, California  90067<br>*Counsel for Plaintiffs and Class Counsel* | Wilson Sonsini Goodrich & Rosati<br>Barry M. Kaplan<br>701 Fifth Avenue, Suite 5100<br>Seattle, Washington  98104<br>*Counsel for Dendreon Corporation* |
| McNaul Ebel Nawrot & Helgren PLLC<br>Robert M. Sulkin<br>600 University Street, Suite 2700<br>Seattle, Washington  98101<br>*Counsel for Mitchell Gold* | Yarmuth Wilsdon Calfo PLLC<br>Richard C. Yarmuth<br>818 Stewart Street, Suite 1400<br>Seattle, Washington  98101<br>*Counsel for David Urdal* |

Any Person who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, unless otherwise ordered by the Court.

13.   All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14.   Neither Defendants nor their Related Parties nor counsel for Defendants shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Class Counsel or the Class Representatives, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

15.   All reasonable expenses incurred in identifying and notifying class members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Class Representatives nor Class Counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶ 2.3, 2.4, 2.6, or 2.7 of the Stipulation.

16. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

17. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

Dated: November 3, 2010

*[signature]*

Marsha J. Pechman
United States District Judge

Presented By:

Marc M. Seltzer (admitted *pro hac vice*)
    E-mail:  mseltzer@susmangodfrey.com
Ryan C. Kirkpatrick (admitted *pro hac vice*)
    E-mail:  rkirkpatrick@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067-6029
Tel:  (310) 789-3100
Fax:  (310) 789-3150

Drew D. Hansen (WSBA #30467)
    E-mail:  dhansen@susmangodfrey.com
Daniel J. Shih (WSBA #37999)
    E-mail:  dshih@susmangodfrey.com
Jordan Connors (WSBA #41649)
    E-Mail:  jconnors@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880
Fax:  (206) 516-3883

*Lead Counsel for Plaintiffs*


Barry M. Kaplan, WSBA #8661
    Email: bkaplan@wsgr.com
Douglas W. Greene, WSBA #22844
    Email: dgreene@wsgr.com
Claire L. Davis, WSBA #39812
    Email: cldavis@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699

Bahram Seyedin-Noor (admitted *pro hac vice*)
    Email: bnoor@wsgr.com
Daniel W. Turbow (admitted *pro hac vice*)
    Email: dturbow@wsgr.com
L. David Nefouse (admitted *pro hac vice*)
    Email: dnefouse@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**

ORDER GRANTING PRELIM. APPROVAL OF
SETTLEMENT AND PROVIDING FOR NOTICE
No. 2:07-cv-0800-MJP
Page 8 of 9

Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

*Attorneys for Defendants Dendreon Corporation*

Robert M. Sulkin, WSBA No. 15425
    Email: rsulkin@mcnaul.com
Malaika M. Eaton, WSBA No. 32837
    Email: meaton@mcnaul.com
**MCNAUL EBEL NAWROT HELGREN PLLC**
600 University Street, Suite 2700
Seattle, WA 98101
Telephone: (206) 467-1816
Facsimile: (206) 624-5128

*Attorneys for Defendant Mitchell Gold*

Richard C. Yarmuth, WSBA No. 4990
    Email: yarmuth@yarmuth.com
Matthew A. Carvalho, WSBA No. 31201
    Email: mcarvalho@yarmuth.com
**YARMUTH WILSDON CALFO PLLC**
818 Stewart Street, Suite 1400
Seattle, WA 98101
Telephone: (206) 516-3800
Facsimile: (206) 516-3888

*Attorneys for Defendant David Urdal*