The Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| KENNETH MCGUIRE and DAVID WILCZYNSKI, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DENDREON CORPORATION, MITCHELL GOLD, and DAVID URDAL,<br><br>Defendants. | Case No. C07-800 MJP<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION OF NET SETTLEMENT FUND**<br><br>NOTE ON MOTION CALENDAR: December 17, 2010<br><br>ORAL ARGUMENT REQUESTED |

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION*
*No. 2:07-cv-0800-MJP*
*Page i*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

# TABLE OF CONTENTS

I. BACKGROUND ........................................................................................................ 2

    A. Procedural and Factual Background of This Litigation .................................. 2

    B. Pre-Hearing Notice Program ............................................................................ 4

II. THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND WARRANTS FINAL APPROVAL. .............................................................. 5

    A. Legal Standard for Judicial Approval of a Class Action Settlement ............... 5

    B. The Settlement Amount Is Fair in View of the Best Possible Recovery at Trial and the Myriad Risks of Continued Litigation ..................... 7

    C. Other Factors, Including the Stage of Litigation, the Settlement Process, and the Views of Experienced Class Counsel, Favor Approval. ........................................................................................................ 9

III. THE PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND IS FAIR, REASONABLE, AND ADEQUATE AND SHOULD BE APPROVED. ...................................................................................................... 10

    A. Legal Standard for Judicial Approval of a Plan of Allocation ....................... 10

    B. Description of the Plan of Allocation ............................................................. 10

    C. *De Minimis* Threshold .................................................................................... 12

    D. The Plan of Allocation Should Be Approved. ................................................ 12

IV. CONCLUSION ....................................................................................................... 12

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION*
*No. 2:07-cv-0800-MJP*
*Page ii*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

# **TABLE OF AUTHORITIES**

**CASES**

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) .................................................................................. 10

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ...................................................................................... 6

*In re Cylink Secs. Litig.*,
   274 F. Supp. 2d 1109 (N.D. Cal. 2003) ....................................................................... 8

*In re Gilat Satellite Networks, Ltd.*,
   No. 02-1510, 2007 WL 1191048 (E.D.N.Y. Apr. 19, 2007) ..................................... 12

*In re Global Crossing Secs. and ERISA Litig.*,
   225 F.R.D. 436 (S.D.N.Y. 2004) ............................................................................... 10

*In re Initial Pub. Offering Secs. Litig.*,
   671 F. Supp. 2d 467 (S.D.N.Y. 2009) ......................................................................... 8

*In re Merrill Lynch & Co. Research Reports Secs. Litig.*,
   246 F.R.D. 156 (S.D.N.Y. 2007) ................................................................................. 8

*In re Nortel Networks Corp. Secs. Litig.*,
   No. 01-1855, 2006 WL 3802198 (S.D.N.Y. Dec. 26, 2006) ....................................... 8

*In re Portal Software, Inc. Secs. Litig.*,
   No. 03-5138, 2007 WL 4171201 (N.D. Cal. Nov. 26, 2007) ............................... 8, 10

*In re Veritas Software Corp. Secs. Litig.*,
   No. 03-0283, 2005 WL 3096079 (N.D. Cal. Nov. 15, 2005) ..................................... 6

*Linney v. Cellular Alaska P'ship*,
   151 F.3d 1234 (9th Cir. 1998) ..................................................................................... 7

*Linney v. Cellular Alaska P'ship*,
   No. 96-3008, 1997 WL 450064 (N.D. Cal. July 18, 1997) ......................................... 9

*Officers for Justice v. Civil Serv. Comm'n*,
   688 F.2d 615 (9th Cir. 1982) ....................................................................... 5, 6, 7, 10

*Satchell v. Federal Express Corp.*,
   No. 03-2659, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) ..................................... 10

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) ......................................................................................... 6

*Van Bronkhorst v. Safeco Corp.*,
   529 F.2d 943 (9th Cir. 1976) ....................................................................................... 5

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
PROPOSED SETTLEMENT AND PLAN OF ALLOCATION
No. 2:07-cv-0800-MJP
Page iii*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005) ........................................................................................ 7

**STATUTES**

28 U.S.C. § 1715 ............................................................................................................ 1, 12

**OTHER AUTHORITIES**

Ellen M. Ryan & Laura E. Simmons, *Securities Class Action
    Settlements: 2009 Review and Analysis* (Cornerstone Research
    2010) ........................................................................................................................ 8

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
PROPOSED SETTLEMENT AND PLAN OF ALLOCATION
No. 2:07-cv-0800-MJP
Page iv*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

The plaintiffs appointed by this Court to represent the Class and Subclass certified in this litigation respectfully request final approval of the proposed settlement and Plan of Allocation of the Net Settlement Fund.[1]

The Stipulation of Settlement ("Stipulation"), dated as of October 25, 2010, provides for the payment of $16,500,000 in cash to settle the claims in this action brought on behalf of the Class against defendants Dendreon Corporation, Mitchell Gold, and David Urdal.[2] The settlement represents an excellent result for the Class that falls well within a range of reasonableness in light of the myriad risks of continued litigation—in particular, the significant risks inherent in proving the required elements of loss causation and damages as well as scienter, falsity, and materiality.

The merits of the claims, which center on complex factual and legal issues, such as what the FDA would require before approving a novel biologics manufacturing process, the importance of inspectional deficiencies relative to efficacy questions, and the state of mind of Dendreon executives during an investor conference call, are sharply disputed. It is by no means assured, if the case were litigated to judgment, that plaintiffs would prevail on the merits of their claims. And, even if it were assumed that plaintiffs would have prevailed on the hotly contested liability issues, the potential recovery that might be obtained at trial is, to say the least, uncertain in amount. Estimating what might be recovered is complicated by a number of factors, including the difficulty of measuring the impact, if any, of allegedly misleading statements of a Dendreon executive on Dendreon's stock price and determining whether the price fell because of the revelation of undisclosed facts about inspectional issues

---

[1] Entry of the order giving final approval to the proposed settlement should be delayed until February 10, 2011. Pursuant to 28 U.S.C. § 1715(d), such an order may not be issued earlier than 90 days after the appropriate federal and state officials are served with notice of the proposed settlement, and defendants served that notice on November 12, 2010. This provision does not preclude the Court from entering an order sooner with respect to Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and Class Representative Costs (Docket Entry No. 220).

[2] The terms used in this motion are the same as the defined terms used in the Stipulation, previously filed as Docket Entry No. 214-1 and attached as Exhibit A. Except where necessary to distinguish the groups, the Class and Subclass are collectively referred to herein as the "Class."

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION*
*No. 2:07-cv-0800-MJP*
*Page 1*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

rather than solely because of simultaneously disclosed efficacy issues.  Plaintiffs' expert has opined that the Class suffered approximately $115.1 million in damages, while defendants' expert would testify that damages are zero or, at most, $8.8 million.  While plaintiffs are confident in the merits of their claims, defendants mounted vigorous defenses—including those previewed in their summary judgment motion—that add substantial risk to plaintiffs' ability to prove liability and damages at trial.  Nonetheless, plaintiffs have secured a settlement that represents a significant percentage of their own expert's estimate of damages and provides a substantial recovery for Class members now, thereby eliminating the risks of further litigation.

The proposed settlement now before the Court was reached only after informed, arm's-length negotiations under the supervision of a respected private mediator and after discovery was completed.  The terms and conditions of the Stipulation were painstakingly negotiated and reflect a fully informed and carefully crafted compromise.

Plaintiffs also have proposed a Plan of Allocation of the Net Settlement Fund, which is separate from the settlement.  The Plan of Allocation is based on a careful consideration of the evidence adduced in this case and the considerations of fairness and administrative efficiency that courts have held are appropriately taken into account in devising such plans.

For these reasons and those set forth below, it is respectfully submitted that the settlement and Plan of Allocation should be approved.

## I. BACKGROUND

### A. Procedural and Factual Background of This Litigation

This is a class action brought by plaintiffs Kenneth McGuire and David Wilczynski on behalf of all persons who purchased the common stock of Dendreon Corporation between March 29, 2007 and May 8, 2007, inclusive (the "Class Period").  Commencing in May of 2007, several securities fraud class actions were filed against Dendreon and various individual defendants by persons who purchased Dendreon securities during the Class

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION No. 2:07-cv-0800-MJP Page 2*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

Period.[3]  Following contested motion practice, by an Order of the Court on October 4, 2007, the cases were consolidated, Mr. McGuire was appointed as the Lead Plaintiff pursuant to the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Marc M. Seltzer of Susman Godfrey L.L.P. was appointed as Counsel for the Lead Plaintiff.

After multiple motions to dismiss, on June 8, 2009, Messrs. McGuire and Wilczynski filed their third amended complaint, the currently operative complaint in this action.  On July 6, 2009, defendants answered the third amended complaint, denying all of plaintiffs' claims and asserting multiple affirmative defenses.

The third amended complaint alleges, among other things, that Dendreon and the individual defendants, who were controlling persons of Dendreon, made false and misleading statements and omissions of material fact to the investing public, thereby artificially inflating the market price of Dendreon's common stock and damaging members of the Class.  In particular, plaintiffs allege that, on March 29, 2007, during a conference call with securities analysts and other members of the investing public, Dr. Urdal said that Dendreon had "hosted a good inspection, I think," in response to a question about an inspection by the U.S. Food and Drug Administration ("FDA") of Dendreon's manufacturing facility in New Jersey in February 2007 in conjunction with Dendreon's biologics license application for its Provenge (sipuleucel-T) product.  Plaintiffs allege that Dr. Urdal's statement was materially false and misleading in that he failed to disclose that the FDA had identified significant objectionable conditions during that inspection and had issued a Form 483 to Dendreon afterwards.  Plaintiffs further allege that defendants concealed and misrepresented the result of the FDA inspection and disclosed the fact of the issuance of the Form 483 only at the end of the Class Period.  Plaintiffs also allege that Dr. Gold engaged in illegal insider trading of Dendreon common stock.

On January 14, 2010, Lead Plaintiff and Mr. Wilczynski moved the Court for an

---

[3] There were minor differences in the alleged class periods among these actions.

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION*
*No. 2:07-cv-0800-MJP*
*Page 3*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

order certifying the Class and Subclass pursuant to FED. R. CIV. P. 23(a) and (b)(3). By its Order dated May 27, 2010, the Court certified the Class and Subclass and appointed Messrs. McGuire and Wilczynski as Class Representatives, Mr. Wilczynski as Subclass Representative, and their counsel of record—Susman Godfrey L.L.P.—as Class Counsel.

Pretrial discovery closed on May 21, 2010. Fact and expert discovery has been extensive. During the course of the litigation, defendants produced to plaintiffs more than 550,000 pages of documents, and the total document production by parties and non-parties amounts to approximately 570,000 pages. *See* Declaration of Marc M. Seltzer in Support of Motion for Final Approval of Proposed Settlement and Plan of Allocation ("Seltzer Decl.") ¶ 3, filed concurrently herewith. The parties deposed nineteen different witnesses, including fourteen witnesses associated with defendants. *Id.* Moreover, the parties exchanged twelve expert reports and took six expert depositions. *Id.*

On June 21, 2010, defendants filed a motion for partial summary judgment. On July 19, 2010, plaintiffs responded to the motion. On July 30, 2010, defendants filed their reply. The motion has not been decided. At the time the parties agreed to settle this litigation, a jury trial had been set to commence on October 18, 2010.

On August 21, 2010, the parties held a day-long mediation with Hon. Daniel Weinstein, Judge of the California Superior Court (Ret.). Following the mediation, the parties engaged in extensive, arm's-length negotiations under Judge Weinstein's supervision. On or about September 16, 2010, the parties reached an agreement in principle to settle the action on the terms set forth in the Stipulation.

On October 25, 2010, the parties signed the Stipulation and sought preliminary approval from the Court. On November 3, 2010, the Court granted preliminary approval to the settlement and ordered that notice be provided to the Class.

### B.     Pre-Hearing Notice Program

Pursuant to and in compliance with the Court's Order, beginning on November 10,

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION*
*No. 2:07-cv-0800-MJP*
*Page 4*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

2010, the Claims Administrator caused the Notice of Proposed Settlement of Class Action (the "Notice") to be mailed to all Class members who could be identified by reasonable effort. Declaration of Carole K. Sylvester ("Sylvester Decl.") ¶ 3 & Ex. A, filed concurrently herewith. A total of 69,812 Notices have been mailed as of November 23, 2010. *Id.* ¶ 9. On November 10, 2010, the Notice and Proof of Claim were also posted on the dedicated website established by the Claims Administrator for this case. *Id.* ¶ 11. Accordingly, the Notice and Proof of Claim were made publicly available 30 days before the deadline for Class members to object and 37 days before the Settlement Hearing.

In addition, on November 11, 2010, the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice") was published on the *PR Newswire*, a national business-oriented wire service, and in *Investor's Business Daily*. *Id.* ¶ 12 & Ex. D.

## II. THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND WARRANTS FINAL APPROVAL.

Plaintiffs request final approval of the settlement not only because public policy favors the settlement of complex class actions such as this one, but also, as demonstrated herein, because the settlement is an excellent result for the Class. Plaintiffs respectfully submit that the proposed settlement is fair, reasonable, and adequate and warrants Court approval.

### A. Legal Standard for Judicial Approval of a Class Action Settlement

The Ninth Circuit recognizes that "voluntary conciliation and settlement are the preferred means of dispute resolution." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). "This is especially true in complex class action litigation . . . ." *Id.* Class actions are particularly well suited for compromise due to difficulties of proof, uncertainties of the outcome, and the typical length of the litigation. "[T]here is an overriding public interest in settling and quieting litigation," and "[t]his is particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976).

In deciding whether to approve a proposed settlement, the Court must determine

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION*
*No. 2:07-cv-0800-MJP*
*Page 5*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

whether the settlement is "fair, reasonable and adequate" under Rule 23(e). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). The Ninth Circuit has set forth the following list of factors that may be relevant in evaluating the fairness of a class action settlement:

> Although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable. The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.[4]

*Officers for Justice*, 688 F.2d at 625 (citations omitted).

The district court's exercise of discretion in approving a settlement should take into account that

> the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

*Officers for Justice*, 688 F.2d at 625. Thus, the Ninth Circuit limits the inquiry as follows:

> [T]he settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits. Neither the trial court nor this court is to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be weighed against a hypothetical or speculative measure of what <u>might</u> have been achieved by the negotiators.

---

[4] Several factors are inapplicable. Risk of decertification was unimportant in plaintiffs' decision to settle. "Accordingly, this factor favors neither approval nor disapproval of the settlement." *In re Veritas Software Corp. Secs. Litig.*, No. 03-0283, 2005 WL 3096079, at *5 (N.D. Cal. Nov. 15, 2005), *aff'd in part and vacated in part on other grounds*, 496 F.3d 962 (9th Cir. 2007). No governmental participant was involved in this case, so once again "this factor favors neither approval nor disapproval of the settlement. *Id.* at *7. Finally, as regards the reaction of Class members, this Court ordered that Class members submit any objections to the matters to be considered during the Settlement Hearing by December 10, 2010. Plaintiffs will respond to any objections by the Court-ordered deadline of December 13, 2010.

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION*
*No. 2:07-cv-0800-MJP*
*Page 6*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

*Id*. Here, the applicable factors support approval of the settlement.

### B. The Settlement Amount Is Fair in View of the Best Possible Recovery at Trial and the Myriad Risks of Continued Litigation.

In evaluating the fairness of a settlement, the fundamental question is how the value of the settlement compares to the amount the class potentially could recover at trial, discounted for risk, delay, and expense. "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *Officers for Justice*, 688 F.2d at 628. Indeed, "[t]here is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion . . . ." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005) (internal quotation marks omitted). Reality dictates that some discount needs to be offered to defendants in a settlement, who otherwise would have little incentive to pay anything short of a litigated judgment. Indeed, "the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (internal quotation marks omitted).

The $16,500,000 settlement is well with a range of reasonableness in light of the best possible recovery at trial and the risks of continued litigation. The proposed settlement represents a multiple of the maximum aggregate damages of $8.8 million, as estimated by defendants' expert. Seltzer Decl. ¶ 5. It also represents 14.3% of the estimate of aggregate damages sustained by the Class of $115.1 million deemed most reasonable by plaintiffs' expert. Seltzer Decl. ¶ 4.

A settlement recovery representing 14.3% of plaintiffs' estimated aggregate damages compares very favorably to other class action settlements. According to a Cornerstone Research study of 1,117 court-approved settlements of PSLRA class actions between 2002 and 2009, the median recovery as a percentage of "plaintiff-style" damages was less than

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION*
*No. 2:07-cv-0800-MJP*
*Page 7*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

3%.  Ellen M. Ryan & Laura E. Simmons, *Securities Class Action Settlements: 2009 Review and Analysis* (Cornerstone Research 2010), at 5 fig. 5 (attached as Exhibit B).[5]  For cases where estimated "plaintiff-style" damages were in the range of $50 million to $125 million, the median recovery was 5% or less.  *Id.*  Thus, the settlement recovery in this case is almost three times the median settlement percentage in similarly sized securities class actions.

Courts routinely approve PSLRA settlements that recover a far smaller percentage of maximum damages than here.  *See, e.g.*, *In re Initial Pub. Offering Secs. Litig.*, 671 F. Supp. 2d 467, 483 (S.D.N.Y. 2009) (approving settlement representing "two percent of the aggregate expected recovery"); *In re Merrill Lynch & Co. Research Reports Secs. Litig.*, 246 F.R.D. 156, 167 (S.D.N.Y. 2007) (approving settlement representing "between approximately 3% and 7% of estimated damages" as "within the range of reasonableness"); *In re Nortel Networks Corp. Secs. Litig.*, No. 01-1855, 2006 WL 3802198, at *6 (S.D.N.Y. Dec. 26, 2006) (approving settlement representing "about 10% of Lead Plaintiff's original . . . estimate of the maximum possible damages").

Underscoring the excellence of the result are the many contested issues that caused the parties to have different views of the settlement value of this case.  These issues included: (1) whether any defendant engaged in conduct violative of the federal securities laws; (2) the amount, if any, by which the market price of Dendreon common stock was allegedly artificially inflated during the Class Period; (3) the effect of extraneous market forces influencing the market price of Dendreon common stock at various times during the Class Period; (4) the extent, if any, to which the various matters that plaintiffs alleged were materially false or misleading affected the market price of Dendreon common stock during the Class Period; (5) the extent, if any, to which the various allegedly adverse material facts that plaintiffs alleged were omitted influenced the market price of Dendreon common stock

---

[5] Courts in this and other circuits have cited Cornerstone's research in approving securities class action settlements.  *See, e.g.*, *In re Portal Software, Inc. Secs. Litig.*, No. 03-5138, 2007 WL 4171201, at *3 (N.D. Cal. Nov. 26, 2007); *In re Cylink Secs. Litig.*, 274 F. Supp. 2d 1109, 1114 (N.D. Cal. 2003).

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION*
*No. 2:07-cv-0800-MJP*
*Page 8*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

during the Class Period; (6) whether the defendants made false or misleading statements of material fact, including whether defendants were subjectively aware of their falsehood; and (7) even if liability could be proven, the amount, if any, of any damages proximately caused by such statements.[6]  In particular, defendants' loss causation arguments, based on the singular facts of this case, presented unique and significant risks of litigation due to the allegedly confounding effects on Dendreon's stock price of two independent reasons (inspectional issues and efficacy concerns) for the FDA's rejection of Dendreon's application for approval of Provenge.  Seltzer Decl. ¶ 6.  All of these vigorously disputed issues present a significant risk that plaintiffs would obtain no recovery at trial.  *Id.*  Consequently, a settlement of $16,500,000 is clearly within a range of reasonableness in light of the best possible recovery and the risks of continued litigation.

### C. Other Factors, Including the Stage of Litigation, the Settlement Process, and the Views of Experienced Class Counsel, Favor Approval.

"The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair."  *Linney v. Cellular Alaska P'ship*, No. 96-3008, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997), *aff'd*, 151 F.3d 1234 (9th Cir. 1998).

This settlement was achieved only after plaintiffs had the benefit of full development of the facts, evidence, and legal issues relating to their claims.  The settling parties completed pretrial discovery before engaging in their first mediation session, and pretrial discovery was expansive.  Defendants produced more than half a million pages of documents, responded to twenty-five interrogatories, and served six expert reports.  Seltzer Decl. ¶ 3.  The parties deposed a total of nineteen witnesses, including fourteen witnesses associated with defendants.  *Id.*

---

[6] Defendants moved for partial summary judgment on the last two issues, subjective falsity and loss causation. *See* Defs.' Mot. for Partial Summ. J. (Docket Entry No. 164), at 5–26.

| | |
|---|---|
| *PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION*<br>*No. 2:07-cv-0800-MJP*<br>*Page 9* | S U S M A N  G O D F R E Y  L.L.P.<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101-3000<br>Tel: (206) 516-3880; Fax: (206) 516-3883 |

1358521v1/010251

After the close of discovery, the settling parties' dispute was mediated by Hon. Daniel Weinstein, an experienced, nationally prominent, and respected mediator who is a retired Judge of the California Superior Court.  "The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Satchell v. Federal Express Corp.*, No. 03-2659, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007).

Finally, Class Counsel likewise has a thorough understanding of the merits of the action and extensive experience in securities litigation.  Seltzer Decl. ¶ 2.  In the view of Class Counsel, the settlement is fair, reasonable, and adequate and should be approved.  *Id.* ¶ 8.  This further supports approval of the settlement.  *Officers for Justice*, 688 F.2d at 625.

### III. THE PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND IS FAIR, REASONABLE, AND ADEQUATE AND SHOULD BE APPROVED.

#### A. Legal Standard for Judicial Approval of a Plan of Allocation

Approval of a plan of allocation of settlement proceeds is governed by the same overarching standard of fairness applied to the settlement.  *See Portal Software*, 2007 WL 4171201, at *5 ("The court turns next to the proposed plan of allocation, which must be fair, reasonable and adequate.") (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1284 (9th Cir. 1992)).  "When formulated by competent and experienced class counsel, an allocation plan need have only a 'reasonable, rational basis.'" *In re Global Crossing Secs. and ERISA Litig.*, 225 F.R.D. 436, 462 (S.D.N.Y. 2004).

#### B. Description of the Plan of Allocation

The Net Settlement Fund will be distributed to Authorized Claimants—that is, members of the Class who submit timely and valid Proofs of Claim—in accordance with the Plan of Allocation set forth in the Notice.  The Plan of Allocation treats all Class members in a similar manner: everyone who submits a valid and timely Proof of Claim, and who has not excluded himself or herself from the Class, receives a *pro rata* share of the Net Settlement Fund in the proportion that his or her Eligible Net Shares Purchased bears to the total Eligible Net Shares Purchased of all Authorized Claimants.

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION*
*No. 2:07-cv-0800-MJP*
*Page 10*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

A claimant's Eligible Net Shares Purchased are those the claimant purchased during the Class Period and continued to own at the end of the Class Period, with all sales of shares during the Class Period matched against purchases during the Class Period. For all purposes, the transaction date and not the settlement date is used as the date for determining eligibility to file a claim. Gifts and transfers of securities are not eligible purchases, nor is the covering purchase of a short sale.

The Plan of Allocation was developed by Class Counsel together with Bjorn I. Steinholt of Financial Markets Analysis, LLC, plaintiffs' damages expert. Seltzer Decl. ¶ 7. The Plan reflects plaintiffs' general allegation that Dendreon's stock price was artificially inflated during the Class Period because of defendants' material misrepresentations and omissions. The Plan is modeled in particular on the expert reports of Mr. Steinholt exchanged during discovery, and as such recognizes claims based on constant amounts of artificial inflation in Dendreon's stock price during the Class Period. *Id.* ¶ 7.

The Plan of Allocation makes no distinction between the Subclass and the rest of the Class because the damages suffered by the Subclass based on their insider trading claim are cumulative to, and less than, the damages the Subclass suffered as Class members. Based on Mr. Steinholt's calculations, aggregate damages of Subclass members are approximately $313,000, while the estimated number of Eligible Net Shares Purchased during the Subclass period is approximately 1,470,410. Seltzer Decl. ¶ 7. Based on these estimates, even if the Subclass were allocated 100% of their recoverable damages, the gross recovery per Subclass share would only be about $0.17. By comparison, the estimated number of Eligible Net Shares Purchased by the Class is approximately 74,188,101, meaning the gross recovery per share is about $0.22 of the $16,500,000 Settlement Fund. *Id.* Because the settlement provides Subclass members a greater recovery per share as Class members than 100% recovery as Subclass members would provide, Class Counsel reasonably determined, in consultation with plaintiffs' damages expert, that Subclass members need not be treated differently than other Class members.

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION*
*No. 2:07-cv-0800-MJP*
*Page 11*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

### C. *De Minimis* Threshold

The Plan of Allocation sets a *de minimis* threshold for payable claims of $10. This protects the Net Settlement Fund from depletion by administrative costs associated with claims that are unlikely to exceed those costs and limits the number of smaller checks that may go uncashed. Experience suggests that a $10 threshold is reasonable and does not unduly deprive smaller claims of settlement benefits. The use of a *de minimis* threshold is standard and benefits the Class as a whole. *See In re Gilat Satellite Networks, Ltd.*, No. 02-1510, 2007 WL 1191048, at *9 (E.D.N.Y. Apr. 19, 2007) (noting how "*de minimus* thresholds for payable claims are beneficial to the class as a whole . . . and courts have frequently approved such thresholds, often at $10").

### D. The Plan of Allocation Should Be Approved.

The Plan of Allocation is rational and ensures an equitable *pro rata* distribution of the Net Settlement Fund among Authorized Claimants based solely on their respective Eligible Net Shares Purchased. This takes into account the constant amount of artificial inflation during the Class Period. The *de minimis* threshold is reasonable and ensures that carrying out the distribution will be cost-effective. Plaintiffs submit that the Plan of Allocation, which was fully disclosed in the Notice, is fair, reasonable, and adequate and should be approved.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs, on behalf of the Class, respectfully request that this Court grant final approval to the proposed settlement, approve the Plan of Allocation of the Net Settlement Fund, and enter the proposed Order Approving Class Action Settlement and Plan of Allocation and the proposed Final Judgment and Order of Dismissal with Prejudice submitted herewith. Pursuant to 28 U.S.C. § 1715(d), the orders should be entered no earlier than February 10, 2011.

Dated: November 26, 2010            Respectfully submitted,

By: ___*/s/ Marc M. Seltzer*___

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION*
*No. 2:07-cv-0800-MJP*
*Page 12*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

Marc M. Seltzer (admitted *pro hac vice*)
    E-mail: mseltzer@susmangodfrey.com
Ryan C. Kirkpatrick (admitted *pro hac vice*)
    E-mail: rkirkpatrick@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150

Drew D. Hansen (WSBA #30467)
    E-mail: dhansen@susmangodfrey.com
Daniel J. Shih (WSBA #37999)
    E-mail: dshih@susmangodfrey.com
Jordan Connors (WSBA #41649)
    E-Mail: jconnors@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880
Fax: (206) 516-3883

*Counsel for Plaintiffs*

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION*
*No. 2:07-cv-0800-MJP*
*Page 13*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: ___/s/ Daniel J. Shih_____
        Daniel J. Shih

*PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION*
*No. 2:07-cv-0800-MJP*
*Page 14*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1358521v1/010251